IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GENENTECH, INC. and<br>INTERMUNE, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 19-78 (RGA)<br>C.A. No. 19-104 (RGA) |
| v. | )<br>) | |
| LAURUS LABS LTD. and<br>LAURUS GENERICS INC., | )<br>)<br>) | |
| Defendants. | ) | |
| GENENTECH, INC. and<br>INTERMUNE, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 19-103 (RGA)<br>C.A. No. 19-105 (RGA) |
| AUROBINDO PHARMA LIMITED and<br>AUROBINDO PHARMA USA, INC., | )<br>)<br>) | |
| Defendants. | ) | |
| GENENTECH, INC. and<br>INTERMUNE, INC., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. 19-109 (RGA)<br>C.A. No. 19-110 (RGA) |
| LUPIN LTD. and<br>LUPIN PHARMACEUTICALS, INC., | )<br>)<br>) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| GENENTECH, INC. and<br>INTERMUNE, INC.,<br><br>      Plaintiffs,<br><br>    v.<br><br>MICRO LABS LTD. and<br>MICRO LABS USA INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 19-111 (RGA) |
| GENENTECH, INC. and<br>INTERMUNE, INC.,<br><br>      Plaintiffs,<br><br>    v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 19-120 (RGA)<br>C.A. No. 19-123 (RGA) |
| GENENTECH, INC. and<br>INTERMUNE, INC.,<br><br>      Plaintiffs,<br><br>    v.<br><br>SHILPA MEDICARE LIMITED,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 19-130 (RGA) |
| GENENTECH, INC. and<br>INTERMUNE, INC.,<br><br>      Plaintiffs,<br><br>    v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 19-136 (RGA) |

| | |
|---|---|
| GENENTECH, INC. and <br> INTERMUNE, INC., <br>         Plaintiffs, <br>         v. <br> ACCORD HEALTHCARE, INC., <br>         Defendant. | ) <br> ) <br> ) <br> ) C.A. No. 19-141 (RGA) <br> ) C.A. No. 19-142 (RGA) <br> ) <br> ) <br> ) <br> ) <br> ) |
| GENENTECH, INC. and <br> INTERMUNE, INC., <br>         Plaintiffs, <br>         v. <br> MACLEODS PHARMACEUTICALS LTD. <br> and MACLEODS PHARMA USA, INC, <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 19-154 (RGA) <br> ) <br> ) <br> ) <br> ) |
| GENENTECH, INC. and <br> INTERMUNE, INC., <br>         Plaintiffs, <br>         v. <br> ALEMBIC PHARMACEUTICALS, LTD., <br> ALEMBIC GLOBAL HOLDING SA and <br> ALEMBIC PHARMACEUTICALS, INC., <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 19-177 (RGA) <br> ) <br> ) <br> ) <br> ) |

| | |
|---|---|
| GENENTECH, INC. and<br>INTERMUNE, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMNEAL PHARMACEUTICALS LLC,<br>AMNEAL PHARMACEUTICALS OF NEW<br>YORK LLC and AMNEAL<br>PHARMACEUTICALS COMPANY GMBH,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 19-190 (RGA)<br>) C.A. No. 19-195 (RGA)<br>)<br>)<br>)<br>)<br>)<br>) |
| GENENTECH, INC. and<br>INTERMUNE, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SANDOZ, INC. and<br>LEK PHARMACEUTICALS D.D.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 19-202 (RGA)<br>) C.A. No. 19-203 (RGA)<br>)<br>)<br>)<br>) |
| GENENTECH, INC. and<br>INTERMUNE, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MSN LABORATORIES PRIVATE<br>LIMITED and MSN PHARMACEUTICALS<br>INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 19-205 (RGA)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| GENENTECH, INC. and<br>INTERMUNE, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   C.A. No. 19-219 (RGA)<br>) |
| INVAGEN PHARMACEUTICALS, INC.<br>and CIPLA USA, INC., | )<br>)<br>) |
| Defendants. | ) |
| GENENTECH, INC. and<br>INTERMUNE, INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   C.A. No. 19-223 (RGA)<br>) |
| AIZANT DRUG RESEARCH SOLUTIONS<br>PVT. LTD., | )<br>)<br>) |
| Defendant. | ) |

**[PROPOSED] SCHEDULING ORDER**

This ___ day of _____, 2019, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Consolidation</u>. The above-captioned actions are consolidated for all purposes and all papers shall be filed in Civil Action No. 19-078-RGA.

2. <u>Initial Disclosures</u>. The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **September 5, 2019**. The parties shall make their disclosures pursuant to Paragraph 3 of the District of Delaware Default Standard for Discovery on or before **September 19, 2019**.

3. Initial Discovery in Patent Litigation:

   a. Plaintiffs shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent on or before **September 5, 2019**. Each Defendant Group (defined as each collective group of parties named as Defendants in one or more of the above-captioned actions) shall produce the core technical documents related to their accused products, including: their complete ANDAs and any supplements or amendments and including all FDA correspondence thereto for each accused product, or if produced previously, identify the same by production number on or before **October 7, 2019**.

   b. Product Samples. In addition, each Defendant Group in a case in which U.S. Patent No. 8,753,679 is at issue shall initiate shipping of samples of each dosage strength of each accused product, to Plaintiffs' counsel or an alternative recipient designated by Plaintiffs' counsel to receive such samples and include therewith sample storage conditions since manufacture from the most recent batch produced on or before **October 7, 2019**. Each Defendant Group subject to this section 3(b) shall make a good faith effort to produce (1) the foregoing samples, (2) batch records for each such sample, including, but not limited to, those sufficient to show the date of manufacture of each such sample and each component thereof, and (3) additional core technical documents including all stability data for their drug product, including, but not limited to such data for all sample, exhibit, and/or other batches (inclusive of such data from studies that are ongoing or in progress) by **October 7, 2019**. Each Defendant Group that must produce samples pursuant to this Section 3(b) shall provide an initial production of at least fifty (50) accused product samples, of each dosage strength as

6

    commercially packaged in unopened finished product form, of each accused product. Any Defendant Group unable to produce samples as set forth above shall use reasonable efforts provide samples that approximate the commercial finished form to the extent available in accordance with the deadlines set forth above. Plaintiffs reserve the right to request additional samples.

  c. <u>Initial Infringement Chart</u>. Plaintiffs shall serve on each Defendant Group an initial claim chart relating each accused product to the asserted claims each product allegedly infringes on or before **December 19, 2019.**

  d. <u>Initial Invalidity Contentions</u>. Each Defendant Group shall serve on Plaintiffs its initial invalidity contentions for each asserted claim, as well as the related alleged invalidating references (e.g., publications, manuals and patents) on or before **February 21, 2020**.

  e. <u>Initial Election of Claims and Prior Art</u>. The Parties shall meet and confer about narrowing the number of asserted claims and prior art references as well as any other relevant issues in the case on **March 12, 2020**. The parties shall submit to the Court a status report with their proposal(s) on **March 26, 2020**. Thereafter, the Parties shall work together in good faith to further narrow the number of asserted claims and prior art references as well as any relevant issues in the case and meet and confer as reasonably necessary thereafter. Such further narrowing will be addressed at the Hearing on Claim Construction.

4. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed sixty (60) days before the close of fact discovery.

5. <u>Discovery</u>.

  a. <u>E-Service</u>. The parties agree that e-mail service shall be used for all purposes.

b. <u>Fact Discovery Cut Off</u>. All fact discovery in these cases shall be initiated so that it will be completed on or before **November 12, 2020**.

c. <u>Document Production</u>. Document production shall be substantially complete by **July 17, 2020**.

d. <u>Requests for Admission</u>. Plaintiffs are permitted to serve a maximum of 50 requests for admission on each Defendant Group. All Defendants will coordinate with one another and may jointly serve up to 25 requests for admission on Plaintiffs. In addition, each Defendant Group may serve on Plaintiffs up to 25 additional requests for admission. Any further requests for admission may only be served by agreement of the parties or with leave of Court. Any requests for admission directed to the admissibility and authentication of documents are excluded from the limitations above. Requests for admission related to authentication of documents or admissibility issues can be served up until 60 days prior to the pre-trial conference subject to objections for undue burden. Local Rule 26.1 shall apply except that single requests may be directed to multiple patents.

e. <u>Interrogatories</u>. Plaintiffs may serve a maximum of 30 interrogatories, including contention interrogatories, on each Defendant Group. All Defendants will coordinate with one another and may jointly serve up to 15 interrogatories, including contention interrogatories, on Plaintiffs. In addition, each Defendant Group may serve on Plaintiffs up to 15 additional interrogatories, including contention interrogatories. Any additional interrogatories may only be served by agreement of the parties or with leave of Court. Local Rule 26.1 shall apply except that single interrogatories may be directed to multiple patents.

  f.  <u>Depositions</u>.

    i.  <u>Limitation on Deposition Discovery</u>. Plaintiffs are limited to no more than 5 fact depositions from each Defendant Group and their Related Parties. Related Parties include former employees, contractors, and consultants of a party. Defendants shall be limited collectively to no more than 15 fact depositions from Plaintiffs and their Related Parties. Plaintiffs may take up to 10 depositions of third parties that are not Related Parties to Plaintiffs or any Defendant. Defendants may likewise collectively take up to 10 depositions of third parties that are not Related Parties to Plaintiffs or any Defendant. All such depositions by Defendants are to be conducted jointly among the Defendants, i.e., all Defendants may attend the deposition and each Defendant attending the deposition may pose questions, regardless of whether the Defendant was sued on a particular patent. Any additional depositions by either side may be taken by agreement or by seeking relief from the Court. Each fact deposition is limited to a maximum of seven (7) hours (ten (10) hours for up to four (4) named inventors selected by Defendants, provided that Defendants provide written notice to Plaintiffs of any such extended deposition no later than seven (7) days prior to the deposition of each such inventor), unless extended by agreement of the parties or leave of the Court. To the extent that an interpreter is required at a deposition, that deposition will be limited to a maximum of ten (10) hours total (fourteen (14) hours for any of the four (4) aforementioned extended depositions). If a witness testifies only in a foreign language for any deposition, the party producing said witness shall inform the party taking

        the deposition of that fact at least fourteen (14) days prior to the date of the deposition. These limits may only be modified upon agreement of the parties or a showing of good cause and by order of the Court.

   ii.   <u>Limitation on Rule 30(b)(6) Discovery</u>. Defendants will endeavor to serve joint Rule 30(b)(6) requests where possible and to reduce the total number of Rule 30(b)(6) deposition topics served on Plaintiffs. Both sides will endeavor to limit the total number of Rule 30(b)(6) requests served. Rule 30(b)(6) depositions count toward the total number of depositions a party is permitted to take pursuant to paragraph 5(f)(i), but only to the extent that each seven (7) hours of Rule 30(b)(6) deposition time counts as a single deposition. In the event there is a dispute regarding the number of Rule 30(b)(6) requests, the parties will meet-and-confer and attempt to resolve the dispute. If the parties are unable to resolve the dispute, counsel must follow the provisions of Paragraph 5(g) below.

   iii.   <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A Defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

g.   <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a

protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining the party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

6. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 5(g) above.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify

11

        that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

8.    <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

9.    <u>Claim Construction Issue Identification</u>. On or before **April 1, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. The parties shall exchange their proposed claim construction of those term(s)/phrase(s) on or before **April 22, 2020**. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **May 6, 2020**. The parties' Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

10.    <u>Claim Construction Briefing</u>. The Plaintiffs shall serve, but not file, their opening brief, not to exceed twenty (20) pages, on **June 3, 2020**. The Defendants shall serve, but not file, their answering brief, not to exceed thirty (30) pages, on **July 8, 2020**. The Plaintiffs shall serve, but not file, their reply brief, not to exceed twenty (20) pages, on **July 29, 2020**. The Defendants shall serve, but not file, their sur-reply brief, not to exceed ten (10) pages, on **August 19, 2020**. No later than **August 26,**

**2020**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.      Agreed-Upon Constructions

II.     Disputed Constructions

     A.     [TERM 1]

          1.     Plaintiffs' Opening Position

          2.     Defendants' Answering Position

          3.     Plaintiffs' Reply Position

          4.     Defendants' Sur-Reply Position

     B.     [TERM 2]

          1.     Plaintiffs' Opening Position

          2.     Defendants' Answering Position

          3.     Plaintiffs' Reply Position

          4.     Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

      11.     <u>Hearing on Claim Construction</u>. Beginning at 8:30 a.m. on **September 23, 2020**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction

briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

        12.      <u>Disclosure of Expert Testimony</u>.

        a.      <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, and for Plaintiffs on objective indicia, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 5, 2021**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **April 30, 2021**. Reply expert reports from the party with the initial burden of proof are due on or before **May 28, 2021** and shall be limited to responding to the supplemental disclosure.

Notwithstanding the foregoing, Plaintiffs may serve a supplemental opening expert report regarding testing in connection with infringement of claim 26 of United States Patent No. 8,753,679 on or before **May 27, 2021**; Defendants may serve a supplemental rebuttal expert report regarding such testing in connection with infringement of claim 26 of United States Patent No. 8,753,679 on or before **June 24, 2021**; and Plaintiffs may serve a supplemental reply thereto on or before **July 15, 2021**.

No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **July 30, 2021**, except that depositions of experts submitting a supplemental report pursuant to the preceding paragraph may be completed on or before **August 16, 2021**.

        b.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **September 1, 2021**.

13.     Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14.     Pretrial Conference. On **October 22, 2021**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 8:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of their request. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16.     Termination of 30-Month Stay. The regulatory stay of approval for all of Defendants' ANDA Products will run until April 15, 2022 (the thirty-month stay does not start to run until New Chemical Entity exclusivity expires on October 15, 2019).

17.     Trial. This matter is scheduled for a bench trial beginning at 9:30 a.m. on **November 8, 2021**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the Court, each trial day will end at 4:30 p.m. The length of the trial shall be determined at a later date. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

      18.    <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.


Dated: _____         _____
                                                    RICHARD G. ANDREWS
                                                    UNITED STATES DISTRICT JUDGE

**G‌ENENTECH, INC. ET AL V. LAURUS LABS LTD. ET AL.,**
**C.A. NO. 19-078 (RGA)**

**PROPOSED SCHEDULING ORDER COMPARISON CHART**

| Deadline | Date |
|---|---|
| Protective Order | 30 days from entry of Scheduling Order |
| Rule 26(a) Initial Disclosures | September 5, 2019 |
| Default Standard ¶ 4(a) Disclosures | September 5, 2019 |
| Default Standard ¶ 3 Disclosures | September 19, 2019 |
| Default Standard ¶ 4(b) Disclosures | October 7, 2019 |
| Default Standard ¶ 4(c) Disclosures | December 19, 2019 |
| Default Standard ¶ 4(d) Disclosures | February 21, 2020 |
| Meet and Confer Concerning Initial Election of Asserted Claims and Prior Art References Relied on for Invalidity Arguments | March 12, 2020 |
| Status Report to Court on Initial Election of Claims and Prior Art References | March 26, 2020 |
| Motions to Join or Amend | 60 days before the close of fact discovery |
| Claim Term Exchange | April 1, 2020 |
| Claim Construction Exchange | April 22, 2020 |
| Joint Claim Chart | May 6, 2020 |
| Plaintiffs Opening Claim Construction Brief | June 3, 2020 |
| Defendants Answering Claim Construction Brief | July 8, 2020 |
| Plaintiffs Reply Claim Construction Brief | July 29, 2020 |
| Defendants Sur-Reply Claim Construction Brief | August 19, 2020 |
| Joint Claim Construction Brief & Appendix | August 26, 2020 |
| Claim Construction Hearing | September 23, 2020 |
| Substantial completion of document production | July 17, 2020 |
| Fact Discovery Cutoff | November 12, 2020 |

| Deadline | Date |
|---|---|
| Final infringement contentions | November 19, 2020 |
| Final invalidity contentions | December 3, 2020 |
| Opening Expert Reports | February 5, 2021 |
| Rebuttal Expert Reports | April 30, 2021 |
| Reply Expert Reports | May 28, 2021 |
| Depositions of Experts to be Completed | July 30, 2021 |
| Supplemental Opening Expert Report regarding testing in connection with infringement of USP 8,753,679, claim 26 | May 27, 2021 |
| Rebuttal Expert Report regarding testing in connection with infringement of USP 8,753,679, claim 26 | June 24, 2021 |
| Supplemental Reply Expert Report regarding testing in connection with infringement of USP 8,753,679, claim 26 | July 15, 2021 |
| Depositions of Experts submitting supplemental reports as to testing to be Completed | August 16, 2021 |
| Daubert Motions (openings) | September 1, 2021 |
| Final Pretrial Order | Third business day before Final Pretrial Conference |
| Final Pretrial Conference | October 22, 2021 |
| Bench Trial to begin | November 8, 2021 |

| Discovery Request | |
|---|---|
| Plaintiffs' Requests for Production | 150 per Defendant Group |
| Defendants' Requests for Production | 60 Coordinated Requests<br>15 Individual Requests |
| Plaintiffs' Requests for Admission | 50 per Defendant Group |
| Defendants' Requests for Admission | 25 Coordinated Requests<br>25 Individual Requests |
| Requests for Admission Relating to Authentication | 60 days before pre-trial conference |

| **Discovery Request** | |
|---|---|
| Plaintiffs' Interrogatories | 30 per Defendant Group |
| Defendants' Interrogatories | 15 Coordinated Requests<br>15 Individual Requests |
| Plaintiffs' Deposition Limitations | 5 Fact Depositions per Defendant Group<br>10 Third Party Depositions |
| Defendants' Deposition Limitations | 15 Coordinated Fact Depositions<br>10 Third Party Depositions |